UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANGELA V. GOODALL,                          )
                                            )
          Plaintiff,                        )          Civil Action No. 3:22-CV-543-CHB
                                            )
v.                                          )
                                            )          **MEMORANDUM OPINION**
BETH CASPER, *et al.*,                      )             **AND ORDER**
                                            )
                                            )
          Defendants.                       )

*** *** *** ***

This matter is before the Court on initial review of Plaintiff Angela Goodall's *pro se*, *in forma pauperis* Complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will dismiss this action.

I.

Plaintiff filed her Complaint on a Court-approved form. [R. 1]. Plaintiff names as Defendants Attorney Beth Casper, Jefferson District Court Judge Jennifer Leibson, Jefferson District Court Judge Anne Delahanty, Jefferson Circuit Court Judge Susan Schultz Gibson, Meadowood Management and its owner Terry, and Leasing Agent Mark Thomas. *Id.* at 2, 10, 19, 26, 35, 43. Plaintiff asserts federal-question jurisdiction based on alleged violations of: the "Corona Virus Act," which the Court construes as the CARES Act; 18 U.S.C. § 371: Conspiracy to Commit Fraud; and 28 U.S.C. § 4101. *Id.* at 3. She also asserts additional claims against Judges Delahanty, Gibson, and Leibson in their individual capacities under 42 U.S.C. § 1983 for violations of her Fourteenth Amendment rights, "racial and pro se litigant discrimination," and "suppression of speech." *See id.* at 11. Plaintiff filed a Motion to Amend her Complaint to update "a small

portion" of the Complaint.  [R. 14].  Plaintiff's Motion to Amend her Complaint is granted, and the Court will consider both her Complaint and Amended Complaint in conducting this initial review.

Plaintiff alleges that she is a tenant at Gagel Terrace Apartment Buildings owned by Meadowood Management and that Defendants conspired to evict her from the premises.  [R. 1; R. 14].  Plaintiff asserts that Leasing Agent Mark Thomas, Terry (Owner of Meadowood Management), and their attorney Beth Casper violated § 4024(b) of the "Corona Virus Act" and 18 U.S.C. § 371: Conspiracy to Commit Fraud by threatening to evict her because she failed to pay late charges "that didn't [a]ctually accrue."  [R. 1, p. 38].  She contends that the eviction is illegal and that she made her rent payments timely.  *Id.*  She further asserts that the eviction was retaliatory because she had previously filed a state civil action against Thomas and Meadowood Management.  *Id.* at 45.

Plaintiff alleges that during a March 8, 2021, hearing, Casper wrongfully accused Plaintiff of being disruptive and in pleadings filed in the eviction proceeding represented that Plaintiff's arguments did not make any sense.  *Id.* at 46-47.  She claims that Casper is racist and committed fraud upon the court by stating that Plaintiff had not paid any rent or late charges to Meadowood Management since December of 2020, by informing her that she had sued the wrong defendant, by misrepresenting her as "a tenant and a human being," and by filing a "writ of possession knowingly and willfully aware that Meadowood [Management] [w]as already in the midst of selling the apt. building."  *Id.* at 5, 13; [R. 14, p. 1].  Plaintiff contends that this conduct violates 28 U.S.C. § 4101.  [R. 1, p. 3].

Plaintiff maintains that Judges Delahanty, Leibson, and Gibson presided over various stages of the eviction proceeding in March 2021, an appeal in June 2021, and a forceable detainer

hearing in December 2022.  Judge Leibson also presided over a state civil action brought by Plaintiff against Thomas and Meadowood Management related to their threats of eviction in October and December of 2020.  *Id.* at 30.  Plaintiff accuses the judges of perpetrating fraud on the state court, exhibiting a lack of compassion and overt racism by permitting the eviction, and conspiring with Casper to hide the fact that the eviction was illegal.  *Id.* at 13, 21, 30.  Additionally, with respect to Judge Delahanty and Judge Leibson, Plaintiff claims that they limited how long she could speak at one or more hearings.  *Id.* at 13, 30.  Finally, Plaintiff asserts a claim against Judge Leibson for presiding over an illegal eviction on August 19, 2015.  *Id.* at 28–29.

As relief, Plaintiff seeks monetary damages, a declaration that the actions were unlawful, and an injunction against the retaliatory eviction and the rent increase.  *Id.* at 32, 38, 40.  In her Amended Complaint, she withdrew her monetary damage claim against the judges and now seeks only declaratory and injunctive relief.  [R. 14-1, p. 1; R. 14-2, p. 1; R. 14-3, p. 1].

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint under 28 U.S.C. § 1915(e).  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (per curiam).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (per curiam), this duty to be less stringent "does not require [courts] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (per curiam). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

### A.  CARES ACT, § 4024

Plaintiff alleges that Defendants violated the Coronavirus Aid Relief and Economic Security Act ("CARES Act") which, according to Plaintiff, prevented "pandemic evictions" and classified them as "illegal federally banned." [R. 1, p. 37]. Plaintiff further alleges that the moratorium on eviction did not end in Kentucky until August of 2021. *Id.* at 47. "The Coronavirus Aid Relief and Economic Security Act was passed on March 27, 2020, in response to the ongoing Covid-19 pandemic and the economic harm it caused." *McCoy v. Bogan*, No. CV 20-388-JWD-SDJ, 2022 WL 4492781, at *18 (M.D. La. Sept. 9, 2022) (citing Pub. L. 116-136, 134 Stat. 281 (2020)). "Section 4024 of the CARES Act instituted a 120-day prohibition on the initiation of

eviction proceedings for rental properties receiving federal assistance or financed through federally backed mortgage loans." *Id*. (citing § 4024(b)(1)). "Ultimately, Congress did not renew the CARES Act, and the [§ 4024] eviction moratorium for rental properties ended on July 27, 2020." *Id.* Significantly, "courts have repeatedly determined the CARES Act did not create a private right of action for violations." *Id.* (internal quotation marks omitted) (collecting cases); *see also Reaves v. Powers*, No. CV 4:21-3188-JD-KDW, 2022 WL 659318, at *5 (D.S.C. Jan. 14, 2022); *Kalkhoff v. Equal Rts. Div.*, No. 22-CV-578-PP, 2022 WL 16715916, at *3 (E.D. Wis. Nov. 4, 2022).

Similarly, to the extent Plaintiff asserts a claim against Defendants for a violation of the Centers for Disease Control's ("CDC") Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19 ("CDC Order"), courts have also repeatedly held that the CDC Order did not create a private right of action.   *See Holliday v. CPAI Prop. Holding LLC*, No. CV 21-1447, 2021 WL 5826149, at *3 (E.D. La. Dec. 8, 2021); *Oyarzun v. President/CEO of Exch. Place Pres. Partners, LLC*, No. 3:21-CV-1230 (JAM), 2021 WL 6197081, at *2 (D. Conn. Dec. 31, 2021); *Wilkerson v. Hoff*, No. 3:21-CV-00136-KC-RFC, 2021 WL 3186125, at *3 (W.D. Tex. July 28, 2021); *Forar v. Avery*, No. CV 20-3273, 2021 WL 3173818, at *2 (E.D. La. May 18, 2021); *Brokers v. Matthews*, No. 1:21-CV-0567-TWT-LTW, 2021 WL 918814, at *2 (N.D. Ga. Feb. 17, 2021).

Because the CARES Act and the CDC Order provide no private right of action, Plaintiff's § 4024 and CDC Order claims against Defendants fail as a matter of law and are dismissed.

## B.  18 U.S.C. § 371

Plaintiff alleges that Defendants violated 18 U.S.C. § 371, but this is a federal criminal statute, which does not provide for a private right of action.  *Crossett v. Emmet Cnty.*, No. 20-1268, 2020 WL 8969795, at *6 (6th Cir. Nov. 12, 2020) (citing *Cent. Bank of Denver, N.A. v. First*

*Interstate Bank of Denver*, 511 U.S. 164, 190 (1994)); *French v. Chambers-Smith*, No. 2:22-CV-2760, 2023 WL 2615835, at *5 (S.D. Ohio Mar. 23, 2023) (finding the lack of a private cause of action under 18 U.S.C. § 371); *Smith v. Taylor-Pederson*, No. 5:17-CV-11532, 2018 WL 2376567, at *6 (E.D. Mich. Apr. 30, 2018) (dismissing claims under numerous criminal statutes, including 18 U.S.C. § 371, for lack of a private right of action).  Thus, this claim is subject to dismissal.

**C.  28 U.S.C. § 4101**

Plaintiff cites 28 U.S.C. § 4101 as the basis for her defamation claim against Casper; however, "§ 4101 does not contain a private cause of action." *James Roa v. City of Denison*, No. 4:18-CV-168-ALM-CAN, 2019 WL 1306212, at *10 n.13 (E.D. Tex. Feb. 18, 2019).  Instead, § 4101 "provides a definition of 'defamation' in the context of foreign judgments" and "is a part of a broader statutory scheme prohibiting a domestic court from enforcing a foreign judgment for defamation unless certain prerequisites are met." *Brown v. Reny Co.*, No. 4:21-CV-395-KPJ, 2022 WL 2255134, at *6 (E.D. Tex. June 21, 2022) (citing 28 U.S.C. §§ 4101(1), 4102); *Trout Point Lodge, Ltd. v. Handshoe*, 729 F.3d 481, 488 (5th Cir. 2013) (holding this statutory scheme is implicated only where a party has obtained a foreign judgment for defamation)).  Accordingly, Plaintiff has not stated a claim for relief under 28 U.S.C. § 4101.

**D.  42 U.S.C. § 1983 Claims**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Two elements are required to state a claim under § 1983.  *Id.*  "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v.*

*Atkins*, 487 U.S. 42, 48 (1988).  "Absent either element, a section 1983 claim will not lie."  *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff alleges that her constitutional rights were violated in connection with the eviction proceedings and other civil actions held in Jefferson District and Circuit Courts.  Plaintiff alleges that the Defendant Judges violated her Fourteenth Amendment due process rights, perpetrated "racial and pro se litigant discrimination," and "suppress[ed] . . . speech."  [R. 1].

### 1.  Judges Delahanty, Leibson, and Gibson

#### a.  Absolute Immunity

In as much as Plaintiff still seeks money damages, Plaintiff's claims against Defendants Judges Delahanty, Leibson, and Gibson are subject to dismissal because these Defendants enjoy immunity for their alleged conduct in Plaintiff's state-court action.  "It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction."  *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994).  Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in [her], [should] be free to act upon [her] own convictions, without apprehension of personal consequences to [herself]."  *Stump v. Sparkman*, 435 U.S. 349, 355 (1978) (internal quotation marks omitted).  A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam).  And while Plaintiff may take issue with these judges' decisions related to her eviction, all of the allegations concern judicial actions taken in their capacity as judges.  Thus, because Plaintiff's allegations against Judges Delahanty, Leibson, and Gibson relate solely to actions taken in their judicial capacity, Plaintiff's

individual-capacity claims against them are subject to dismissal for failure to state a claim upon which relief may be granted.

### b. Abstention Doctrine

Plaintiff also seeks to have this Court reverse the decisions of the state courts in the eviction proceedings by granting her declaratory and injunctive relief against these Defendant Judges. To the extent that Plaintiff seeks this Court's involvement in an ongoing state-court eviction proceeding [R. 14, pp. 1, 4], *Younger v. Harris* "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40-41 (1971)). "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013). To the extent that an eviction proceeding is still pending, all three factors supporting abstention are present in this case. "The matters presented in the complaint are clearly the subject of a state housing matter, which is a state interest." *See Askew v. Ambrose*, No. 3:16-CV-798-CRS, 2017 WL 240086, at *3 (W.D. Ky. Jan. 19, 2017) (citing *Doscher v. Menifee Circuit Court*, 75 F. App'x 996, 996-97 (6th Cir. 2003)). There is no indication that constitutional claims could not be raised in that context.

To the extent that Plaintiff is challenging state-court eviction proceedings that are no longer pending [R. 1; R. 14], under the *Rooker-Feldman* doctrine, "a federal court lacks jurisdiction to review a case litigated and decided in state court, as only the United States Supreme Court has jurisdiction to correct state court judgments." *Higgs v. Dupuis*, No. 5:19CV-192-TBR, 2021 WL

2270707, at *2 (W.D. Ky. June 3, 2021); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923). "A party raising a federal question must appeal a state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). The "doctrine prevents a federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks omitted). "Plaintiff cannot seek to undo the outcome of the state court eviction proceeding in this Court." *Higgs*, 2021 WL 2270707, at *2; *see also Schriber v. Sturgill*, No. 4:21-CV-49-JHM, 2021 WL 2149215, at *2 (W.D. Ky. May 26, 2021).

Therefore, Plaintiff's request for injunctive and declaratory relief from the state court eviction proceedings must be dismissed because it fails to state a claim for which relief can be granted.

### 2. Defendants Casper, Meadowood Management, Terry, and Thomas

In as much as Plaintiff brings § 1983 claims against Casper, Meadowood Management and its owner Terry, and Thomas, these claims fail. The law is clear that "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Defendants Casper, Meadowood Management, Terry, and Thomas are private actors. *See Santiago v. Chill*, No. 3:21-CV-720-RGJ, 2023 WL 2355903, at *4 (W.D. Ky. Mar. 3, 2023) (citing *Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (per curiam) (concluding landlords are not state actors); *Benford v. Smith*, No. 1:04-CV-337, 2005 WL 1325003, at *3 (E.D. Tenn. June 3, 2005) (finding that private landlords participating in the HUD's Section 8 housing program are not considered state actors and thus cannot be liable under

section 1983)); *Adams v. Jones*, No. 3:16-CV-P90-CRS, 2016 WL 4257368, at *5 (W.D. Ky. Aug. 11, 2016) (private attorney does not act under color of state law).

**E.  Remaining Motions**

Because this action is being dismissed, Plaintiff's remaining motions [R. 3; R. 10; R. 11] are denied as moot.

**IV.**

For these reasons, **IT IS ORDERED** as follows:

1.      Plaintiff Angela Goodall's Motion for Leave to File an Amended Complaint [R. 14] is **GRANTED**.

2.      Plaintiff Angela Goodall's Complaint and Amended Complaint [R. 1; R. 14] are **DISMISSED**.

3.      Plaintiff's remaining motions [R. 3; R. 10; R. 11] are **DENIED as moot**.

4.      The court will enter a separate judgment consistent with this Memorandum Opinion and Order.

This the 18th day of May, 2023.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:     Plaintiff, *pro se*
        Defendants
A958.014

-10-